**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES JACKSON,<br><br>  Petitioner,<br><br>v.<br><br>ROBERT CHETRIKIN, *et al.*,<br><br>  Respondents. | Civ. No. 15-5673 (KM)<br><br>**OPINION** |

**MCNULTY, DISTRICT JUDGE**

Before the Court is the Petition for a writ of habeas corpus of James Jackson ("Petitioner"), brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons set forth below, the habeas Petition is dismissed without prejudice for failure to exhaust state court remedies, and a certificate of appealability is denied.

## I.  BACKGROUND

Petitioner pled guilty, on May 21, 2012, to Theft by Unlawful Taking or Disposition of movable property, under N.J. Stat. Ann. § 2C:20-3a. (ECF No. 7-1 at 2.) He was sentenced on July 6, 2012, to probation for a term of three years with time served, and ordered to comply with the rules and regulations of the Essex County Probation Department. (*Id.*) The time Petitioner spent in custody was calculated as 181 days, from November 24, 2011 to May 22, 2012. (*Id.* at 4.)

On May 11, 2015, toward the end of his sentence, Petitioner's "probation was terminated without improvement" and he was re-sentenced on the same offense, to be committed to the custody of the commissioner of the Department of Corrections for a term of four years. (ECF

No. 7-2 at 2.) Petitioner does not appear to have filed a direct appeal or a petition for post-conviction relief ("PCR"). Petitioner filed a habeas petition in this court on July 12, 2015, raising a single ground for relief: "Habeas corpus petition seeking immediate rel[ea]se from custody after serving his full term beyond its maximum expiration date pursuant to 28 U.S.C. § 2254." (ECF No. 1 at 17). In support of his claim, Petitioner states that he pled guilty to three years of probation and "at the time of sentencing the Court granted 181 days credit against [his] probation sentence for time served in custody." (ECF No. 1 at 24.) Thus, he appears to argue that had the "credit" been properly applied, his probation would have terminated after about two and a half years, and he would not have been serving his sentence of probation as of the date he was re-sentenced. (*Id.*) Respondents argue that that this claim cannot be heard because it is unexhausted. In the alternative, they argue that Petitioner misunderstands his original sentence, and that the Petition fails to state a claim upon which relief may be granted. (ECF No. 7.)

## II. STANDARD OF REVIEW

A state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254 in federal court, must first "exhaust the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."). To satisfy the exhaustion requirement, a petitioner must fairly present every claim raised in the federal petition to each level of the state courts either on direct appeal, or in collateral post-conviction relief proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also

whether he has properly exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts"); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "To 'fairly present' a [federal] claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted). "Even if a state court refuses the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it." *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007). Further, "[b]efore exhaustion will be excused, state law must clearly foreclose state court review of unexhausted claims." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

### III. DISCUSSION

Petitioner was initially sentenced on July 6, 2012, and on May 11, 2015, he was discharged from probation without improvement and re-sentenced to a term of imprisonment. New Jersey Court Rule 2:3-2 provides that, "In any criminal action, any defendant . . . or other person *aggrieved by the final judgment of conviction* entered by the Superior Court . . . *may appeal* or, where appropriate, seek leave to appeal, to the appropriate appellate court. *See* N.J. Ct. R. 2:3-2 (emphasis added). Petitioner has not exhausted his state court remedies; he has not filed a direct appeal or filed for PCR. As Respondents note, while Petitioner may be out of time to file a direct appeal, *see* N.J. Ct. R. 2:4-1(a) ("[a]ppeals from final judgments . . . shall be taken within 45 days of their entry"), he can likely file a petition for PCR, *see* N.J. Ct. R. 3:22-12 (no PCR "petition shall be filed . . . more than 5 years after the date of entry . . . of the judgment of

3

conviction"), or he can file a motion to correct his illegal sentence. *See* N.J. Ct. R. 3:21-10(b)(5) ("[a] motion may be filed and an order may be entered *at any time* . . . correcting a sentence not authorized by law including the Code of Criminal Justice") (emphasis added). Thus, there is nothing to indicate his claim would be procedurally barred in state court, so this Court has no basis to "excuse" his failure to exhaust. *See Toulson, supra*, 987 F.2d at 98.

Accordingly, for these reasons, the habeas Petition will be dismissed without prejudice as unexhausted.[1] *See Lines v. Larkins*, 208 F.3d 153, 159–60 (3d Cir. 2000) ("Federal courts will dismiss without prejudice claims that have not been properly presented to the state courts, allowing petitioners to exhaust their claims"); *see also Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) ("[I]n the absence of a state court decision indicating that a habeas corpus petitioner is clearly precluded from state court relief, the district court should dismiss the claim for failure to exhaust even if it is not likely that the state court will consider petitioner's claim on the merits.") Because Petitioner's claim is unexhausted, the Court need not consider Respondents' alternative argument that the instant Petition must be denied on the merits.

---

[1] The Court also finds that a stay of this habeas Petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), is not warranted. In *Rhines*, the United States Supreme Court explained:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

544 U.S. at 277. Here, Petitioner had an opportunity to reply to Respondents assertion that his claim is unexhausted, but he failed to do so. Because Petitioner has not shown good cause for his failure to exhaust his claims in state court, a stay is not warranted.

4

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Therefore, no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, Petitioner's habeas Petition is dismissed without prejudice as unexhausted, and Petitioner is denied a certificate of appealability. An appropriate order follows.

Dated: April 16, 2018

Kevin McNulty
United States District Judge

5